**Alma Delia RIVERA; Mario Arturo Rivera–Arevalo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70397.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Genevieve Holm, Esq., Joanne E. Johnson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Alma Delia Rivera and Mario Arturo Rivera–Arevalo, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying Alma Rivera's application for withholding of removal and Mario Rivera–Arevalo's application for cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We dismiss in part and grant in part the petition for review, and remand on the issue of voluntary departure.

Alma Rivera contends that the IJ abused his discretion and denied due process when he found her ineligible for withholding of removal. We lack jurisdiction to consider this contention because she did not challenge the denial of withholding or allege any denial of due process before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency and that due process chal-

lenges that are "procedural in nature" must be exhausted).

Mario Rivera–Arevalo contends the IJ denied him due process he denied cancellation of removal. We lack jurisdiction to consider this contention because he did not raise the denial of due process before the BIA and thereby failed to exhaust his administrative remedies. *See id.* Further, Rivera–Arevalo does not make a colorable constitutional claim that would establish our jurisdiction. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.